# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. BLYSTONE,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 18-1165 |
| v. | : | |
| | : | |
| **OWENS ILLINOIS, INC.,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 10th day of January 2020, upon consideration of the *motion for summary judgment* filed by Defendant United States Steel Corporation (named in the complaint as "USX Corporation") ("Defendant" or "U.S. Steel"), [ECF 80], Defendant's supplemental brief, [ECF 84], and Plaintiffs' response in opposition thereto, [ECF 86], it is hereby **ORDERED** that:

(1) Defendant's motion is **GRANTED** as uncontested[1] with respect to Plaintiffs' claims premised on John R. Blystone's purported exposure to asbestos while serving aboard the USS Thuban; and

(2) Defendant's motion is **DENIED** with respect to Plaintiffs' claims premised on Mr. Blystone's purported exposure to asbestos contained in the open hearth area of Defendant's workplace.[2]

---

[1] In their response to Defendant's underlying motion, Plaintiffs have indicated that they will no longer be proceeding against U.S. Steel for any alleged exposure that occurred while Mr. Blystone was serving on the USS Thuban. [ECF 86, at p. 6 of 26]. These claims are, therefore, dismissed.

[2] In this matter, Plaintiffs assert various claims against numerous defendants premised on Mr. Blystone's alleged exposure to products containing asbestos. With respect to U.S. Steel, Mr. Blystone's employer for two weeks in 1960, Plaintiffs allege that Mr. Blystone developed mesothelioma as a result of his exposure to asbestos from insulation in the "open hearth" area of the workplace. Defendant filed its motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which directs courts to grant summary judgment where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In its motion,

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Defendant argues that Plaintiffs' negligence claims premised on Mr. Blystone's purported exposure to asbestos-containing insulation in the open hearth area should be dismissed because Plaintiffs have failed to present sufficient evidence to meet the requisite "frequency, regularity and proximity" standard to overcome Defendant's motion for summary judgment. This Court disagrees.

Mr. Blystone testified that during his two-week employment with Defendant, he worked five days a week and eight hours a day in the open hearth area of the factory. The open hearth area was located inside a room with no windows. Every day, all day long, Mr. Blystone worked six or seven feet away from workers who scraped off the asbestos insulation covering the pipes located in the ceiling area. Mr. Blystone's only job during this period, which he did the entire workday, was to sweep up the resultant dust and debris. Mr. Blystone claims to have inhaled the dust created by the workers scraping the insulation, as well as the dust created by his sweeping up the resultant debris. Further, documents attached to Plaintiffs' response show that Defendant utilized asbestos coating in the open hearth areas of its plants and to cover pipes. In light of this evidence, this Court finds that Plaintiffs have presented evidence sufficient to create a genuine dispute of material fact regarding the issue of Mr. Blystone's exposure to asbestos in the U.S. Steel workplace. Therefore, Defendant's motion for summary judgment is denied.

Defendant also argues that Plaintiffs failed to establish any duty owed by Defendant to Mr. Blystone. Specifically, Defendant argues Plaintiffs were required to establish such a duty by way of an expert. Defendant's argument is without merit. Though a plaintiff asserting a claim for negligence must show the breach of a duty owed by a defendant, such demonstration is not dependent on expert testimony. Moreover, employers owe employees a duty of care which requires them to provide a safe workplace. Therefore, Defendant's motion is denied.