# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN R. BLYSTONE,** *et al.* | CIVIL ACTION |
| *Plaintiffs* | |
| | NO. 18-1165 |
| v. | |
| | |
| **OWENS ILLINOIS, INC.,** *et al.* | |
| *Defendants* | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                         JANUARY 22, 2020

# MEMORANDUM OPINION

## INTRODUCTION

Plaintiffs John R. Blystone (deceased) and Bridget Blystone filed this action against numerous defendants, including Defendant DAP, Inc. ("Defendant DAP" or "DAP"), for negligence and/or strict liability arising out of Mr. Blystone's alleged exposures to asbestos over the course of his life and his resultant development of mesothelioma. Before this Court is Defendant DAP's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure ("Rule") 56, [ECF 81], which Plaintiffs have opposed. [ECF 88]. The issues raised by the parties have been fully briefed and are ripe for disposition. For the reasons set forth herein, the motion is granted and judgment is entered in favor of Defendant DAP.

## BACKGROUND[1]

In the operative complaint, Plaintiffs assert negligence and strict liability claims against numerous defendants premised on Mr. Blystone's exposures to various asbestos-containing products manufactured, sold, and/or supplied by the numerous named defendants over the course

---

[1] The procedural and factual histories are known to the parties. Therefore, only the facts pertinent to the underlying motion will be discussed here. These facts are taken primarily from the parties' briefs and exhibits. To the extent that any facts are disputed, such disputes will be noted and, if material, will be construed in Plaintiffs' favor pursuant to Rule 56.

of his adult life. Following the completion of discovery, Defendant DAP filed the underlying motion for summary judgment, in which it argues that Plaintiffs have failed to proffer sufficient evidence to show Mr. Blystone's exposure to an asbestos-containing product supplied by DAP. When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-movant; here, Plaintiffs. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The facts relevant to the underlying motion are summarized as follows:

> In 1962, Mr. Blystone began using DAP caulk to seal five windows, a tub, and a sink in his home. He purchased the DAP caulk at Sears and described the DAP caulk as coming packaged in a black-and-white tube that featured the name "DAP" in black lettering. Mr. Blystone caulked each of the five windows every year between 1962 and 2018. He also caulked the sink and the tub in his bathroom every three months during that same time period. Defendant DAP manufactured both asbestos-containing and asbestos-free caulk from the late 1950s to 1978.
>
> Without providing any foundation, Mr. Blystone testified that he believed the DAP caulk that he used *at his home* contained asbestos. When asked during his deposition why he believed caulk that he used *in his workplace* contained asbestos, he testified as follows:
>
>> Q. Okay. I think you told us you thought it contained asbestos. Can you tell me why you think that?
>>
>> A. Because it – it was a – a thing that had to be, you know, for regular – to make it – make it – I don't know. It – what's the word I'm looking for? To make it . . .
>>
>> Q. Hold it together?
>>
>> A. No, not to hold it together. To make sure it was sealed.
>>
>> Q. Okay. Any other reason than because it had to be sealed that you think it had asbestos in it?
>>
>> A. Uh-uh. No other reason.
>
> Mr. Blystone was diagnosed with mesothelioma on December 1, 2017. The initial complaint in this action was filed in state court on February 7, 2018, and was later amended. In the operative complaint, Plaintiffs assert negligence and strict

liability claims against numerous defendants, including Defendant DAP, who are alleged to have manufactured and/or sold various products containing asbestos to which Mr. Blystone was exposed over the course of his adult life, resulting in his mesothelioma. Mr. Blystone succumbed to this disease on October 20, 2018.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 governs summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, this rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322. After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A)-(B). The nonmoving party must "do

more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

**DISCUSSION**

In its motion for summary judgment, Defendant DAP argues that Plaintiffs have failed to present evidence from which a reasonable factfinder could conclude that Mr. Blystone was exposed to asbestos contained in any product manufactured, sold, or supplied by DAP. After a thorough review of the record provided by the parties, this Court agrees.

The parties have agreed that Pennsylvania substantive law applies. Therefore, this Court will apply Pennsylvania law to Defendant DAP's motion for summary judgment. *See Erie R. R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945). Under Pennsylvania law, a plaintiff must establish, as a threshold matter, "that [his or her] injuries were caused by a product of the particular manufacturer or supplier." *Eckenrod v. GAF Corp.*, 544 A.2d 50, 52 (Pa. Super. Ct. 1988) (citing *Wible v. Keene Corp.*, 1987 WL 15833 at *1 (E.D. Pa. Aug. 19, 1987) (holding that in order to defeat defendant's motion, plaintiff must present evidence showing that he or she was exposed to an asbestos product supplied by defendant)). This includes showing that the products to which the plaintiff was allegedly exposed actually contained asbestos. *Kraus v. Trane U.S., Inc.*, 104 A.3d 556, 567 (Pa. Super. Ct. 2014).

A plaintiff must further establish that he or she was exposed to a certain defendant's product with the necessary frequency and regularity, and in close enough proximity to the product, to create a genuine issue of material fact as to whether that specific product was a substantial factor (and, thus, a proximate cause) of plaintiff's asbestos related condition. *Eckenrod*, 544 A.2d at 52–53. In *Gregg v. VJ Auto Parts, Co.*, 943 A.2d 216 (Pa. 2007), the Supreme Court of Pennsylvania upheld the discretion of the trial court in evaluating the evidence to be presented at the trial stage, ruling "we believe it is appropriate for courts, at the summary judgment stage, to make a reasoned assessment concerning whether, in light of the evidence concerning frequency, regularity, and proximity of a plaintiff's . . . asserted exposure, a jury would be entitled to make the necessary inference of a sufficient causal connection between the defendant's product and the asserted injury." *Id.* at 227. Moreover, "the plaintiff's exposure to each defendant's product should be independently evaluated when determining if such exposure was a substantial factor in causing the plaintiff's injury." *Tragarz v. Keene Corp.*, 980 F.2d 411, 425 (7th Cir. 1992) (discussed by *Gregg* court in setting out the product identification criteria in Pennsylvania). In two more recent decisions, the Superior Court of Pennsylvania has reiterated the *Gregg* holding, stating that "[t]he frequency, regularity and proximity test is not a rigid test with an absolute threshold necessary to support liability. Rather application of the test should be tailored to the facts and circumstances of the case; for example, its application should become 'somewhat less critical' where the plaintiff puts forth specific evidence of exposure to a defendant's product." *Linster v. AlliedSignal, Inc.*, 21 A.3d 220, 223–24 (Pa. Super. Ct. 2011) (quoting *Gregg*) (internal citation omitted); *see also Howard v. A.W. Chesterton Co.*, 31 A.3d 974, 979 (Pa. Super. Ct. 2011).

Defendant DAP argues that under the above-cited law, Plaintiffs have failed to present evidence sufficient to meet their summary judgment burden with respect to product identification

and/or causation. Specifically, Defendant DAP argues that Plaintiffs have failed to present anything beyond mere speculation that the DAP-manufactured caulk that Mr. Blystone purportedly used a few times a year over a period of over fifty years actually contained asbestos. This Court agrees.

Mr. Blystone testified that he used DAP caulk in his home approximately five times a year, over a fifty year period, to re-caulk five windows, a tub and a sink. Plaintiffs, however, proffered no basis for Mr. Blystone's belief. For example, Plaintiffs provided no evidence that Mr. Blystone ever read the caulk's packaging such that he was aware of its ingredients. Moreover, during cross-examination, Mr. Blystone testified that he believed the caulk he used in one of his workplaces contained asbestos because it was necessary to "make sure it was sealed." When asked if he had any other basis for the belief, he said "no other reason." Plaintiffs did not offer any non-speculative basis for Mr. Blystone's belief, nor do they claim that he had any specialized knowledge that would qualify him to testify to the presence of asbestos in the caulk. *Cf. Krauss*, 104 A.3d 566-67 (affirming grant of summary judgment for defendant where plaintiff's only evidence regarding presence of asbestos in product was speculative testimony of co-worker); *Samarin v. GAF Corp.*, 571 A.2d 389, 404 (Pa. Super. Ct. 1989) (same). Mr. Blystone's testimony, without any foundation or specialized knowledge, is insufficient to establish that the caulk he used contained asbestos.

In an attempt to overcome this insufficiency, Plaintiffs point to other evidence to show that DAP manufactured and sold caulk that did, in fact, contain asbestos during the relevant time period. Defendant does not dispute that it manufactured and sold *both* asbestos-containing and asbestos-free formulations of DAP caulk products during the relevant time period. To connect Mr. Blystone to the asbestos-containing caulk, Plaintiffs rely on Mr. Blystone's testimony that he recalled the packaging of the caulk product he used as being white with black lettering, which

6

Plaintiffs contend matches documented specifications for DAP's asbestos-containing caulk. Misleadingly, Plaintiffs contend the specifications provide that the packaging was "white." However, the "white" descriptor in the specifications clearly refers to the color of the caulk itself, not the packaging. Moreover, the same reference to "white" appears in the specifications for DAP's asbestos-free caulk. At best, Plaintiffs' evidence shows that Mr. Blystone used white caulk manufactured by DAP, that may or may not have contained asbestos. In light of this evidence, and the lack of any other evidence connecting Mr. Blystone to DAP's asbestos-containing caulk, Plaintiffs have failed to meet their burden of showing that Mr. Blystone was exposed to a DAP product containing asbestos with the requisite frequency, regularity, and proximity. Any conclusion to the contrary would be founded on impermissible speculation. *Krauss*, 104 A.3d at 568 ("A plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor.").

## CONCLUSION

For the reasons stated herein, Plaintiffs have failed to meet their burden of demonstrating that Mr. Blystone was exposed to a DAP product containing asbestos with the requisite frequency, regularity, and proximity to create a genuine issue of fact with respect to causation. Accordingly, Defendant DAP's motion for summary judgment is granted. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO, J*